IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVELPORT, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 5160 |
| ) | |
| PAKISTAN INTERNATIONAL AIRLINES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Travelport, LP ("Travelport") has filed a Complaint against Pakistan International Airlines Corporation ("PIA"), seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed in that Travelport has failed to carry its burden of establishing such jurisdiction, this sua sponte opinion dismisses both the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaw can be cured promptly, the action may then be reinstated.

As to PIA, Complaint ¶3 properly identifies both components of its corporate citizenship under 28 U.S.C. §1332(c)(1).[1] But all that Travelport's counsel say as to their own client is simply this (Complaint ¶2):

> Travelport, LP is a Delaware limited partnership formed under the laws of Delaware with its principal place of business in Atlanta, Georgia.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

As that language reflects, Complaint ¶2 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's present lack of knowledge of such a firmly established principle, after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly, as stated earlier, not only Travelport's Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Travelport and his counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to a

vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Travelport's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 1, 2011

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.