```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | |
|---|---|
| TRAVELPORT, LP, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | )   No. 11 C 5160 |
| | ) |
| PAKISTAN INTERNATIONAL AIRLINES | ) |
| CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM ORDER

Pakistan International Airlines Corporation ("PIA") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Travelport, LP ("Travelport"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, a number of paragraphs in the Answer follow PIA's invocation of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5)(see Answer ¶¶2, 6-11, 17 and 23) by stating that PIA "therefore denies the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

As for the purported ADs, most are at odds (1) with the underlying notion of crediting whatever the plaintiff has alleged, embodied in Rule 8(c) and in the caselaw applying it

(see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) or (2) with the principles of notice pleading applicable to defendants as well as plaintiffs. Thus:

    1. AD 1, which is a questionable substitute for a Rule 12(b)(6) motion, is simply wrong. It is stricken.

    2. AD 2 is at odds with Travelport's allegations that place directly at PIA's door the responsibility for harm that Travelport has alleged. It is also stricken.

    3. AD 5 directly contradicts Travelport's Complaint ¶33, and it too is stricken.[1]

In addition, ADs 3 and 4 are totally uninformative in terms of the notice pleading obligation. Both are stricken, but PIA may hereafter reassert them if they are properly fleshed out. Finally, AD 7 is meaningless and it too is stricken.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: November 4, 2011

---

[1] PIA loses nothing by that, because its earlier denial of Travelport's allegation has put the matter in issue.