IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| TRAVELPORT, LP, a Delaware Limited Partnership, and TRAVELPORT GLOBAL DISTRIBUTION SYSTEM B.V., a Dutch private limited liability company, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) PAKISTAN INTERNATIONAL AIRLINES CORPORATION, ) ) ) ) Defendant. ) | Case No. 11 C 5160 |

MEMORANDUM OPINION AND ORDER

This action, originally brought by Delaware limited partnership Travelport, LP ("Travelport") against Pakistan International Airlines Corporation ("Pakistan Airlines"), involves an unbelievably convoluted set of entities whose citizenship is relevant to the diversity relied on by Travelport in coming to a federal court for relief. This Court issued early opinions (including one ordering a threshold dismissal on jurisdictional grounds, which this Court later withdrew when the expected cure for the original defective allegation was produced) that asked for the citizenship information called for where limited partnerships and limited liability companies are involved (see, e.g., Carden v. Arkoma Assocs., 494 U.S. 185 (1990) and a host of Seventh Circuit opinions beginning with Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). In response Travelport's counsel, who had originally been inattentive to the complexities involved in that process, responded with amendments to the original Complaint – the most recent of those was the Amendment to Second Amended Complaint (Dkt. 32) filed on December 15, 2011.[1]

---

[1] With all of its convolutions, Second Amended Complaint ("SAC") ¶ 3, as amended by that filing, has to be read to be believed. As the hackneyed baseball-derived aphorism puts it, "you can't tell the players without a scorecard."

Until last week the parties had indicated that settlement of the litigation was likely, dependent on the resolution of active related litigation in Pakistan. But at the previously-set June 7 status hearing Travelport's counsel advised that was no longer in the offing and tendered a motion for partial summary judgment. That has occasioned this Court's review of the bidding, which has disclosed the surprising news that the necessary federal subject matter jurisdiction over the case is lacking.

This Court naturally makes every effort to put subject matter jurisdictional confirmation at the top of its mental checklist – as <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted) teaches:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal court police subject matter jurisdiction sua sponte, they must.

But here this Court confesses to having slipped a cog when, without Pakistan Airlines' opposition, Travelport added Travelport Global Distribution System B.V. as a second plaintiff.

SAC ¶ 3 as amended tracks the highly complex relevant citizenship of Travelport Global Distribution Systems B.V. (referred to there – and hence here as well – as "T.B.V.") as the earlier-cited caselaw defines it. And tracing through the maze disclosed there has revealed that for citizenship purposes T.B.V.'s grandchild entity Travelport Investor (Luxembourg) S.a.r.l., a Luxembourg limited liability company, has as its own grandchild Travelport (Bermuda) Ltd., a corporation formed under the laws of Bermuda with its principal place of business in that country. Aqnd that is fatal to this lawsuit – as <u>Israel Aircraft Indus. Ltd. v. Sanwa Business Credit Corp.</u>, 16 F.3d 198, 202 (7th Cir. 1994) states succinctly, "the statute creating the diversity jurisdiction does not contemplate an alignment of alien versus citizen plus alien," exemplifying the universal holdings announcing the identical principle (see 15 <u>Moore Federal Practice</u> § 102.77 at 102-150.20 to 102-150.21 (3d ed. 2012) and cases cited there in n.2).

Jurisdiction is jurisdiction – when absent, it cannot be conferred by consent of the litigants or by a court's glitch in having failed to catch that absence earlier. Hence this action is dismissed for lack of federal subject matter jurisdiction.

                                                                                    Milton I. Shadur
                                                                                    Senior United States District Judge

Date:  June 11, 2012